NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------X
HERMAN DELGADO,                                      :
                                                     :
                        Petitioner,            :
                                                     :     Civil Action No. 03-4382 (JAG)
            v.                                   :
                                                     :     **OPINION**
UNITED STATES OF AMERICA,                            :
                                                     :
                        Respondent.            :
                                                     :
---------------------------------------------------------X

**GREENAWAY, JR., U.S.D.J.**

## INTRODUCTION

Petitioner Herman Delgado ("Petitioner") filed the instant pro se petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Petitioner contends that his sentence should be vacated for three reasons. First, Petitioner claims the Government did not satisfy their obligations pursuant to a plea agreement entered into between the Petitioner and the Government. Second, Petitioner claims his equal protection rights were violated because he received a harsher sentence than his co-defendant. Third, Petitioner seeks relief for the deprivation of his sixth amendment right to counsel.

For the reasons set forth below, this petition is denied.

## PROCEDURAL HISTORY

On June 22, 2000, a federal grand jury in the District of New Jersey issued a one-count indictment charging Petitioner and others with conspiracy to distribute, and possession with the intent to distribute, more than five kilograms of cocaine, contrary to 21 U.S.C. § 841(a)(1), and

in violation of 21 U.S.C. § 846.  (Pre-Sentence Investigation Report ("PSIR"), at 3.)  On March 19, 2001, Petitioner entered a guilty plea to the one-count indictment pursuant to a cooperating plea agreement.  (Plea Transcript ("Plea Tr."), at 4.)  On August 13, 2001, this Court sentenced Petitioner to 132 months in prison, and five years supervised release.  (Sentencing Transcript ("Sent. Tr."), at 10).

On September 12, 2003, Petitioner filed a brief (Petitioner's Brief ("Pet'r Br.")) supporting the instant pro se petition to vacate his sentence, pursuant to 28 U.S.C. § 2255.  On October 8, 2004, the Government answered the petition ("Answer").  On October 27, 2004, Petitioner replied to the Government's answer ("Reply").

## STATEMENT OF FACTS

On May 8, 2000, the Drug Enforcement Administration ("DEA") intercepted 600 kilograms of cocaine belonging to the Jose Lisardo-Jimenez cocaine-trafficking organization.  (PSIR at 3.)  Unaware of this, the intended recipients of the cocaine contacted an undercover DEA agent to arrange for the delivery of this shipment.  (PSIR at 3.)  Pursuant to this plan, on June 21, 2000, the undercover DEA agent contacted Henry Perez (Petitioner's co-defendant) to arrange the cocaine delivery.  (PSIR at 3.)  The DEA agent arranged the meeting to be held in Clifton, New Jersey, where the agent would deliver the cocaine.  (PSIR at 3-4.)  On the delivery date, Petitioner and two other co-defendants (Felix Rosario and Jose Luis Lora) accompanied Perez to meet the DEA agent.  (PSIR at 4.)  Upon arrival at the meeting location, the DEA agent instructed the co-defendants to follow him to the warehouse where the cocaine was stored.  (PSIR at 4.)  Once inside the warehouse, Perez and Delgado followed the DEA agent to a van containing the cocaine.  (PSIR at 4.)  In the van, there were ten burlap sacks, each sack

containing twenty kilograms of cocaine. (PSIR at 4.) The DEA agent displayed the cocaine to Perez and Delgado, who expressed their approval. (PSIR at 4.) Following the exchange, the DEA arrested all four co-defendants. (PSIR at 4.)

On March 19, 2001, Petitioner pled guilty to the one-count indictment. Under the terms of the plea agreement, Petitioner agreed to fully cooperate with and provide substantial assistance to the Government. (Plea Agreement at 1-2.) In exchange, if the Government in its sole discretion determined that Petitioner had complied with the plea agreement, the Government agreed that it "(1) will move the sentencing judge, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range; and (2) may move the sentencing judge, pursuant to 18 U.S.C. § 3553(e), to depart from any applicable statutory minimum sentence." (Plea Agreement at 4.) Further, the plea agreement provided that, "[w]hether the sentencing judge does in fact impose a sentence below the otherwise applicable guideline range or statutory minimum sentence is a matter committed solely to the discretion of the sentencing judge." (Plea Agreement at 4.)

Significantly, paragraph nine of the plea agreement contained a waiver, which states:

> Delgado knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 – which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than the stipulated offense levels set forth in paragraph 7, above . . . These prohibitions are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, any appeal, motion or writ which challenges the sentence Delgado receives, or the manner in which it was determined, and which is not barred by these prohibitions, will be limited to that portion of the sentencing calculation that is inconsistent with or not addressed by this sentencing stipulation.

(Plea Agreement at 8.)

3

The Government and Petitioner also agreed to a series of other stipulations in the plea agreement. The stipulations relevant to the instant petition are as follows:

1.  a. The applicable guideline provision for the offense embodied in the Indictment is set forth in Section § 2D1.1(a)(3).
    b. Since the offense involved a conspiracy to distribute and possess with the intent to distribute 150 kilograms or more of cocaine, the applicable base offense level for this case is 38.

5.  As of the date of this agreement, Herman Delgado has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. This results in a decrease of 2 levels, pursuant to U.S.S.G. § 3E1.1(a), if Herman Delgado's acceptance of responsibility continues through the date of sentencing.

6.  As of the date of this agreement, Herman Delgado has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If the offense level is 16 or greater, this results in an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Herman Delgado indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

7.  In accordance with the above, the applicable guidelines total offense level is either 35 or 33.[1]

(Plea Agreement at 7-8.)

This Court held a sentencing hearing on August 13, 2001. The U.S. Probation Office prepared a pre-sentence report adopting the stipulations in the plea agreement and calculated a total offense level of 33.[2] (PSIR at 10.) Petitioner did not object to the total offense level calculation in the pre-sentence report. Prior to the hearing, the Government moved this Court,

---

[1] The two-level difference depended on whether Petitioner qualified for a "safety-valve," pursuant to U.S.S.G. § 2D1.1(b)(4). (PSIR at 9.)

[2] The Total Offense Level computation included a two level downward adjustment because Petitioner qualified for the "safety-valve." Id.

pursuant to U.S.S.G. § 5K1.1, for a downward departure in light of Petitioner's substantial assistance.  (Sent. Tr. at 2.)  At the hearing, the Government moved for a three-level departure, while Petitioner sought an eight-level departure.  (Sent. Tr. at 4-6.)  This Court departed downward by two-offense levels, from 33 to 31.  (Sent. Tr. at 7.)  This Court sentenced Petitioner to serve a prison term of 132 months with supervised release for five years.  (Sent. Tr. at 10.)

## LEGAL STANDARD

Section 2255 allows a prisoner in custody to file a petition for a writ of habeas corpus with the sentencing court on the grounds that: (1) the imposed sentence violated the United States Constitution or laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds.  See 28 U.S.C. § 2255.  "[A] motion to vacate sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the district court."  United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980).  Unless it appears conclusively from the motion, files, and records that the petitioner is not entitled to relief, the district court must grant the petitioner an evidentiary hearing on the matter.  See id.

## DISCUSSION

Petitioner seeks to vacate his sentence on three grounds.  First, Petitioner argues that the Government did not satisfy its obligations pursuant to the plea agreement.  Second, Petitioner claims his equal protection rights were violated because he received a harsher sentence than his co-defendant Perez.  Finally, Petitioner argues that he was deprived of effective assistance of counsel in violation of the sixth amendment.

As a preliminary matter, this Court must consider whether, by stipulating to paragraph

nine of the plea agreement, Petitioner waived his right to file this petition.  That stipulation provides in part: "Delgado knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 . . . ." (Plea Agreement at 8.)

Waivers of appeals are valid and enforceable as long as they are entered into knowingly and voluntarily, and they do not work a miscarriage of justice.  United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001).  The same principle applies in the context of a defendant waiving his right to seek collateral relief under 28 U.S.C. § 2255.  See United States v. Garrett, No. 03-6176, 2005 WL 768761 (10th Cir. 2005); United States v. Jeronimo, 398 F.3d 1149 (9th Cir. 2005); United States v. White, 307 F.3d 336 (5th Cir. 2002).  At the plea hearing, this Court inquired into whether Petitioner knowingly and voluntarily waived his right to file an appeal or a § 2255 petition.  This Court addressed Petitioner at the plea proceedings:

> Q: Mr. Delgado, have you had an opportunity to go over paragraph nine of the plea agreement, Schedule A, with your attorney?
>
> A: Yes.
>
> Q: Do you understand that that paragraph says that you voluntarily waive your right to file any appeal of any kind with regard to this criminal plea and the plea of guilty you are entering into today and the sentence that I will ultimately impose?
>
> A: Yes.
>
> Q: Have you had an opportunity to discuss this paragraph and that waiver of the right to appeal with your attorney?
>
> A: Yes.

> Q: Has he explained to you that no matter what sentence I impose, you are waiving, or giving up, your right to appeal that sentence as part of the plea agreement with the United States Attorney's Office?
>
> A: Yes.
>
> Q: Do you make that waiver of your right to appeal voluntarily, knowingly and without any force or coercion?
>
> A: Yes.
>
> Q: Do you have any questions with regard to paragraph nine of Schedule A of the plea agreement as it relates to your voluntary waiver of any right to appeal?
>
> A: No.
>
> Q: Do you indeed voluntarily waiver your right to appeal?
>
> A: Yes.

(Plea Tr. at 16-17.) This colloquy satisfies this Court that Petitioner knowingly and voluntarily waived his right to appeal.

Petitioner contends that an appellate waiver entered into prior to sentencing can never be characterized as knowing and voluntary. (Reply at 2.) In support of this argument, Petitioner relies on <u>United States v. Melancon</u>, 972 F.2d 566, 571 (5th Cir. 1992) (Parker, J., concurring) ("I do not think that a defendant can ever knowingly and intelligently waive, as part of a plea agreement, the right to appeal a sentence that has yet to be imposed at the time he or she enters into the plea agreement; such a waiver is inherently uninformed and unintelligent."). The Third Circuit Court of Appeals, however, already has rejected that exact argument. <u>Khattak</u>, 273 F.3d at 561 (stating that "[b]y waiving the right to appeal, a defendant necessarily waives the opportunity to challenge the sentence imposed, regardless of the merits"). A "[w]aiver would be

nearly meaningless if it included only those appeals that border on the frivolous . . . . While it may appear unjust to allow criminal defendants to bargain away meritorious appeals, such is the necessary consequence of a system in which the right to appeal may be freely traded." Khattak, 273 F.3d at 562 (quoting United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999)).

Enforcing the waiver will not amount to a miscarriage of justice in this case. To determine whether a waiver of the right to appeal amounts to a miscarriage of justice, courts should consider, among other things, "[t]he clarity of the error, its gravity, its character . . . the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Khattak, 273 F.3d at 563 (citation omitted). These factors are concerned with the circumstances where there has been an error, such as issues related to the facts or sentencing guidelines. Id. at 562-63 (citation omitted). In the instant case, the Petitioner does not contend the existence of any error. Based on these facts, enforcing the waiver in the plea agreement will not amount to a miscarriage of justice.

Petitioner alleges that the waiver is not valid because the Government breached the plea agreement. (Reply at 2.) Specifically, Petitioner contends the Government failed to move the Court for a downward departure below the statutory minimum. (Pet'r Br. at 3.) If a defendant waives his right to appeal pursuant to a plea agreement, and the Government subsequently fails to fulfill its obligations, pursuant to the plea agreement, the defendant should not be held to the waiver, and may appeal. See United States v. Moscahlaidis, 868 F.2d 1357, 1361 (3d Cir. 1989). This is not the case here.

In the first instance, the plea agreement specifically stated that the Government, "*may* move the sentencing judge, pursuant to 18 U.S.C. § 3553(e), to depart from any applicable

statutory minimum sentence." (Plea Agreement at 4) (emphasis added). Whether the Government filed a § 3553(e) motion was within its discretion. Moreover, the Government, ultimately, recommended a three-level downward departure on Petitioner's behalf, which would have placed the Petitioner at an offense level of 30, and carried a guideline sentencing range between 97 to 121 months. (Sent. Tr. at 5-6.) If the Court had granted such a recommendation, it could have resulted in a sentence below the statutory minimum of 120 months.

This Court, in its discretion, however, departed two levels downward. (Sent. Tr. at 7.) The two-level downward departure set Petitioner's offense level at 31, which carries a guidelines sentencing range between 108 to 135 months. (Sent. Tr. at 7.) This Court sentenced Petitioner to a sentence of 132 months, well within the guidelines range for a defendant with an offense level of 31 under the Sentencing Guidelines.

Thus, Petitioner cannot void the waiver of his right to file a § 2255 petition on the basis that the Government breached the plea agreement. Petitioner's waiver of his right to appeal was entered into knowingly and voluntarily, and does not amount to a miscarriage of justice. Accordingly, the waiver is valid and enforceable, and precludes Petitioner from filing the instant motion. Thus, the petition should be denied.[3]

---

[3] Based on the petition, it appears Petitioner also believes that, in light of Blakely v. Washington 124 S. Ct. 2531 (2004), the waiver of his sixth amendment right to a trial by jury, contained in the plea agreement, should be deemed invalid. Although this Court need not reach that claim, this Court observes that Blakely does not apply retroactively on habeas review. See United States v. Price, 400 F.3d 844 (10th Cir. 2005) (holding that Blakely does not apply retroactively on collateral review); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005) (same); Varela v. United States, 400 F.3d 864 (11th Cir. 2005) (same).

## **CONCLUSION**

      For the reasons set forth in this Opinion, this Petition is denied.  Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.


Dated:  April 26, 2005

                                             S/Joseph A. Greenaway, Jr.
                                             JOSEPH A. GREENAWAY, JR., U.S.D.J.